(132 So. 354)

## KAUFMAN v. REYNOLDS DREDGING CO.
### No. 29932.

Jan. 5, 1931.

Herbert W. Kaiser, Thomas Tomeny, and John H. Hammel, Jr., all of New Orleans, for appellant.

Terriberry, Young, Rault & Carroll, of New Orleans, for appellee.

OVERTON, J.

This is a suit to recover from the Reynolds Dredging Company a 3½ Bucyrus dipper dredge, together with the equipment, machinery, and appurtenances belonging to it, and, in the alternative, to recover its value, which is alleged to be $25,000. The dredge is styled dredge No. 3 throughout the record, and, in disposing of the case, we shall adhere to that designation. Plaintiff claims to be the owner of the dredge, as also does defendant, who has called its vendor, Achille I. Picard, in warranty.

The facts touching the litigation are as follows: The D. B. Gore Company entered into a contract with the New River drainage district of the parish of Ascension to do certain dredging work. In order to enable it to discharge its contract properly it became necessary that it construct two dredges. The cost of construction was considerable. To enable the Gore Company to defray this cost, the drainage district advanced to the company the required money. The contract, which was entered into about the year 1915 was successfully completed in 1918. After the settlement of accounts between the drainage district and the Gore Company, the latter was left the owner of the two dredges, with unincumbered title thereto. These two dredges were known as dredge No. 3, which is the dredge sued for, and dredge No. 5, which is only incidentally involved in this suit.

Prior to and about the time of the completion of the foregoing contract, the Gore Company entered into two other contracts with the drainage district for the performance of approximately eight miles of dredging. After entering into these contracts, the company sold its two dredges to E. C. Hyatt, Inc., for $45,000, of which $35,000 was payable in installments, running through a period of seven months, and also assigned its two contracts, so far as they were not completed, to the purchaser of the two dredges, which bound itself to complete the contracts. In the contract of sale and assignment to E. C. Hyatt, Inc., plaintiff for the first time made his appearance by guaranteeing that E. C. Hyatt, Inc., would fulfill its obligations under the contract.

E. C. Hyatt, Inc., failed to complete the contract. Therefore the obligation fell upon plaintiff as its guarantor to see that the contract was completed. About two and a half years after the assignment of the Gore Company's two contracts to E. C. Hyatt, Inc., namely, on May 7, 1921, the Gore Company,

E. C. Hyatt, Inc., and plaintiff entered into a contract, the declared purpose of which was to place plaintiff in the place and stead of E. C. Hyatt, Inc., in the contract in which the Gore Company sold the two dredges and assigned its two contracts with the drainage district to E. C. Hyatt, Inc. By this contract plaintiff not only bound himself to complete the Gore Company's two contracts with the drainage district, assumed by E. C. Hyatt, Inc., but, as the latter was the owner of the two dredges at the time, he became the owner of both of them. On the same day on which the foregoing contract was entered into plaintiff gave to the Gore Company authority to sell the two dredges for such price, and on such terms and conditions as might be satisfactory to both of them.

The Gore Company, acting under the foregoing power of attorney, promptly sold dredge No. 5 to a Mr. Moore for $20,000. No question is raised by plaintiff concerning the validity of this sale. It was approved of by him. This sale left as the property of plaintiff dredge No. 3.

The question is whether plaintiff conveyed dredge No. 3 to Achille I. Picard, defendant's warrantor herein, as urged by defendant, and denied by plaintiff? If plaintiff did, his demand should be rejected, for, in such case, he no longer has any interest in the dredge.

It is beyond question that the Gore Company, E. C. Hyatt, Inc., who was the former's assignee, and plaintiff, who was at first the guarantor of E. C. Hyatt, Inc., and who later was substituted for that company in the contracts with the drainage district, had each defaulted in turn on those contracts, and were apparently unable to complete them. It is equally clear that the drainage district was entitled to have the work done. In fact, in order to complete the work, the district was forced to have it done under a different

contract by Picard. When plaintiff was substituted for E. C. Hyatt, Inc., he unquestionably realized the difficulties in his way, and apparently hoped to save himself by selling the two dredges, and securing some one else to complete the work. This is supported, at least in part, by the fact that on the very day he was substituted for E. C. Hyatt, Inc., in its contract, he executed a power of attorney authorizing the Gore Company to sell the two dredges—the very equipment at hand for doing the work—and this position is also supported, in part, by the fact that, after the sale of dredge No. 5, plaintiff endeavored, though he failed in his effort to take dredge No. 3 to New Orleans, in the hope of selling it. Confronted with failure, and owing the Gore Company $15,000 on dredge No. 3, which plaintiff was unable to pay, we think that he concluded to transfer the dredge, which was then fast deteriorating, back to the Gore Company in settlement of the indebtedness. That he did transfer the dredge back to the Gore Company about that time is supported by the positive testimony of Mr. Caleb Weber that he was present at a conversation between A. C. Weurpel, now deceased, who was president of the Gore Company, and plaintiff, in which plaintiff did transfer the dredge back to that company. Although plaintiff denies that he did so, we think that the evidence of Weber, supported by the surrounding circumstances, shows that he did. We also think that the pleadings herein, though somewhat vague, are sufficient to admit of the defense here urged and sustained, in which defendant claims to be the owner of the property.

After the transfer back to the Gore Company, that company sold the dredge to Achille I. Picard, who later sold the machinery on it to defendant.

Finding that plaintiff parted with his title to the dredge, his demands should be rejected.

There was judgment in the lower court rejecting them.

The judgment, appealed from, is affirmed.